IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BARBARA ANN GUTHRIE,   §<br>  Plaintiff,   §<br> §<br>v.   §<br> §  Civil Action No. 3:17-CV-1114-L-BK<br>NANCY A. BERRYHILL,   §<br>Acting Commissioner of Social   §<br>Security Administration   §<br>  Defendant.   § | |

**FINDINGS, CONCLUSION AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to *Special Order 3* and 28 U.S.C. § 636(b), this case has been referred to the undersigned for pretrial management, and is now before the Court for a recommendation on the parties' cross motions for summary judgment. For the reasons stated here, Plaintiff's *Motion for Summary Judgment*, Doc. 16, should be **GRANTED**, Defendant's *Motion for Summary Judgment*, Doc. 17, should be **DENIED**, the Commissioner's decision should be **REVERSED**, and the case should be **REMANDED** for further administrative proceedings.

I.  **BACKGROUND**

A.  **Procedural History**

Plaintiff Barbara Ann Guthrie seeks judicial review of a final decision by the Commissioner denying her applications for Medicare benefits as a Medicare Qualified Government Employee ("MQGE") and supplemental security income under the Social Security Act ("the Act"). Doc. 16 at 1; Doc. 13-6 at 2-5, 8-15. In March 2014, Plaintiff filed for benefits, alleging disability beginning June 24, 2010. Doc. 13-6 at 2, 8. Plaintiff later amended her disability onset date to October 25, 2011. Doc. 13-3 at 38. Her applications were denied at all

administrative levels, and she now seeks judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g). Doc. 13-3 at 2, 17-30; Doc. 13-4 at 12, 26.

**B.    Factual History**

Plaintiff was 49 years old on her claimed disability onset date. Doc. 13-3 at 38. She completed high school and has past relevant work as a janitorial services supervisor and as a janitor. Doc. 13-3 at 57; Doc. 13-7 at 14. In March 2016, an administrative hearing was held. Doc. 13-3 at 35-63. At the hearing (as relevant to this Court's determination), the administrative law judge ("ALJ") questioned a vocational expert ("VE") regarding whether jobs that Plaintiff was capable of performing existed in significant numbers in the state and national economies. *See* Doc. 13-3 at 57-58, 61-62. The ALJ posed several hypothetical questions in which he asked the VE to consider an individual limited to, *inter alia*, performing "simple tasks." Doc. 13-3 at 57. The VE concluded that such an individual could perform the jobs of cashier II, inspector and hand packager, and bench assembler. Doc. 13-3 at 58, 61-62.

**C.    The ALJ's Findings**

In May 2016, the ALJ denied Plaintiff's application for benefits. Doc. 13-3 at 17-30. The ALJ determined that Plaintiff had the following severe impairments: minimal degenerative changes to the lumbar spine; calcaneal spur at the left ankle; history of carpal tunnel syndrome; depression; bipolar disorder; and generalized anxiety disorder. Doc. 13-3 at 22. As relevant here, the ALJ found that Plaintiff had the mental residual functional capacity ("RFC") to understand and carry out one- or two-step instructions; concentrate and attend for extended periods; respond appropriately to routine changes in work setting; and have frequent contact with coworkers and the public. Doc. 13-3 at 24. Relying on the VE's testimony, the ALJ concluded that while Plaintiff could not return to her past work, she could perform other work in the

national economy – cashier II, inspector/hand packager, and bench assembler – and thus was not disabled.  Doc. 13-3 at 28-30.

## II. LEGAL STANDARD

An individual is disabled under the Act if, *inter alia*, she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment" which has lasted or can be expected to last for at least 12 months.  42 U.S.C. § 423(d)(1)(A).  The Commissioner uses the following sequential five-step inquiry to determine whether a claimant is disabled:  (1) an individual who is working and engaging in substantial gainful activity is not disabled; (2) an individual who does not have a "severe impairment" is not disabled; (3) an individual who "meets or equals a listed impairment in Appendix 1" of the regulations will be considered disabled without consideration of vocational factors; (4) if an individual is capable of performing her past work, a finding of "not disabled" must be made; (5) if an individual's impairment precludes her from performing her past work, other factors including age, education, past work experience, and RFC must be considered to determine if any other work can be performed.  *Wren v. Sullivan*, 925 F.2d 123, 125 (5th Cir. 1991) (per curiam) (summarizing 20 C.F.R. §§ 404.1520(b)-(f), 416.920 (b-(f)).

Under the first four steps of the analysis, the burden of proof lies with the claimant. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).  The analysis terminates if the Commissioner determines at any point during the first four steps that the claimant is disabled or is not disabled.  *Id.*  If the claimant satisfies her burden under the first four steps, the burden shifts to the Commissioner at step five to show that there is other gainful employment available in the national economy that the claimant can perform.  *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994).  This burden may be satisfied either by reference to the Medical-Vocational

Guidelines of the regulations or by expert vocational testimony or other similar evidence. *Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir. 1987).

Judicial review of the Commissioner's denial of benefits is limited to whether the Commissioner's position is supported by substantial evidence and whether the Commissioner applied proper legal standards in evaluating the evidence. *Greenspan*, 38 F.3d at 236; 42 U.S.C. §§ 405(g), 1383(C)(3). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant and sufficient evidence as a reasonable mind might accept as adequate to support a conclusion. *Leggett*, 67 F.3d at 564. Under this standard, the reviewing court does not reweigh the evidence, retry the issues, or substitute its own judgment, but rather, scrutinizes the record to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

In considering the parties' summary judgment arguments, the Court has relied upon their assessment of and citation to the evidence of record. *See* FED. R. CIV. P. 56(c)(1)(A) (the movant and opponent of a motion for summary judgment must support their positions by "citing to particular parts of materials in the record"); *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (the court has no obligation under Rule 56 "to sift through the record in search of evidence to support a party's opposition to summary judgment") (citation and internal quotation marks omitted).

### III.   ARGUMENT & ANALYSIS

Plaintiff argues that the Commissioner's decision is not supported by substantial evidence because the ALJ: (1) failed to address Plaintiff's application for benefits under Titles XVI and XVIII of the Act, finding instead that she was not entitled to disability insurance benefits under Title II of the Act; (2) failed to consider RFC evaluations and physical therapy records that indicate her ability to stand and walk is more limited than the ALJ determined; (3) erred in

finding Plaintiff does not require a cane for ambulation; and (4) failed to establish the existence of work that Plaintiff can perform. Doc. 16 at 5-12. Because remand is required on the ground of error raised in Issue 4, the remaining arguments are not addressed. Nevertheless, Plaintiff may raise those issues on remand. 20 C.F.R. § 404.983 (providing that when a case is remanded from federal court, the ALJ may consider any issues relating to the claim); 20 C.F.R. § 416.1483 (same).

      Regarding Issue 4, Plaintiff argues that substantial evidence does not support the ALJ's finding of no disability because it is based on testimony from the VE elicited by a faulty hypothetical question. Specifically, Plaintiff notes that, while the ALJ asked the VE to consider a hypothetical individual limited to "simple tasks," he ultimately found that Plaintiff is limited to "one- or two-step instructions." Because a "limitation to only one or two-step instructions is more restrictive than a limitation to 'simple' tasks" and the ALJ failed to resolve this conflict, Plaintiff argues that it is unclear whether work she can perform exists in significant numbers. Doc. 16 at 10-12. In response, Defendant contends that a limitation to simple tasks is "similar" to a limitation to one- or two-step instructions, and not more restrictive. Doc. 17 at 19. Alternatively, Defendant argues that even if Plaintiff "was only limited to one or two-step instructions," she would still be able to perform work requiring a reasoning level of 3.[1] Doc. 17 at 20.

      Under the Act's burden-shifting analysis, once a claimant establishes disability, the burden shifts to the Commissioner to "show that there is other substantial gainful employment available that the claimant is able to perform." *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir.

---

[1] Reasoning Level 3 is required for a cashier II job. DOT 211.462-010, 1991 WL 671840. Reasoning level 2 is required for an inspector/hand packager or bench assembler job. DOT 559.687-074, 1991 WL 683797; DOT 706.684-042, 1991 WL 679055.

1990) (per curiam) (citation omitted). The ALJ can do this through, *inter alia*, the testimony of a VE. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) (per curiam). Any hypothetical question posed by the ALJ to a VE should reasonably incorporate the claimant's limitations as recognized by the ALJ. *Id.* at 436. A claimant's failure to point out deficiencies in a hypothetical question does not "automatically salvage[] that hypothetical as a proper basis for a determination of non-disability." *Boyd v. Apfel*, 239 F.3d 698, 707 (5th Cir. 2001) (citing *Bowling*, 36 F.3d at 436). Where the ALJ finds that a claimant is not disabled based on answers to a defective hypothetical question, substantial evidence does not support the finding, and the case should be reversed and remanded for further administrative proceedings. *Bridges v. Comm'r of Soc. Sec. Admin.*, 278 F. Supp. 2d 797, 807 (N.D. Tex. 2003) (Fish, C.J.).

Upon review, the hypothetical question posed to the VE was defective. Specifically, while the ALJ ultimately found Plaintiff limited to "one- or two-step instructions," the individual in the hypothetical question posed to the VE was limited to "simple tasks." These are not the same limitations, as it is entirely possible that a task, though simple, might require more than one or two steps. Although Defendant argues that a limitation to one- or two-step instructions is not more restrictive than a limitation to simple tasks, the cases she cites in support of this argument are inapposite, as neither made such a finding. *See Bordelon v. Astrue*, 281 F. App'x 418, 423 (5th Cir. 2008); *Smith v. Colvin*, No. 3:13-CV-1884-N, 2014 WL 1407437, at *4 (N.D. Tex. Mar. 24, 2014) (Horan, J.), *adopted by* 2014 WL 1407440 (N.D. Tex. Apr. 11, 2014) (Godbey, J.). In any event, though yet to be squarely addressed by the Court of Appeals for the Fifth

6

Circuit, an overwhelming number of federal courts recognize that a limitation to one- or two-step instructions is more restrictive than a limitation to simple tasks.[2]

In stating that a limitation to one- or two-step instructions is "similar" to a limitation to simple tasks, Defendant implies that the limitations are interchangeable, and thus the ALJ's alternation between the two is inconsequential. Setting aside the aforementioned cases holding the opposite, as well as the fact that this Court has found use of "similar" limitations insufficient,[3] Defendant fails to point to anything in the record suggesting the ALJ's intent to limit the hypothetical to one- or two-step instructions. In fact, nowhere in his opinion does the ALJ acknowledge the difference between the RFC he assessed and the hypothetical presented, explain the resulting ambiguity, or explain how he found that Plaintiff is able to perform the

---

[2] *See, e.g.*, *Sigmon v. Berryhill*, No. 5:17-CV-RJC-DSC, 2018 WL 3738227, at *3 (W.D. N.C. Aug. 7, 2018) (refusing to "equivocate 'short, simple instructions' to 'one-to-two step tasks,'" noting that the latter is "more restricting on a plaintiff"); *Oxford v. Berryhill*, No. 1:16-CV-01763-JE, 2017 WL 7513227, at *11 (D. Or. Dec. 12, 2017) (finding "'1-2 step tasks' . . . materially more restrictive than a limitation to 'simple tasks'"); *McGriff v. Colvin*, No. 3:16-CV-911 (JAM), 2017 WL 3142336, at *3 (D. Conn. July 25, 2017) ("[T]here is a significant and now well-acknowledged difference between an RFC limitation to 'one-to-two-step tasks' and an RFC limitation to 'short, simple instructions.'"); *Lilja v. Berryhill*, No. 16-CV-540 (TNL), 2017 WL 1183977, at *29 (D. Minn. Mar. 29, 2017) (noting that a limitation to "simple" or "routine" tasks is "more generic and arguably less restrictive" than a limitation to "simple, routine, *1-2 step tasks*") (emphasis in original); *Rounds v. Comm'r Soc. Sec. Admin*, 807 F.3d 996, 1004 (9th Cir. 2015) (recognizing a limitation to "simple" tasks as being less restrictive than a limitation to "one to two step tasks"); *Schlattman v. Colvin*, No. 12 C 10422, 2014 WL 185009, at *7 (N.D. Ill. Jan. 14, 2014) ("there is a significant difference between one- to two-step tasks and simple, routine, repetitive tasks").

[3] *See, e.g.*, *See Reynolds v. Colvin*, No. 7:12-CV-0065-O-BF, 2014 WL 1243682, at *3-4 (N.D. Tex. Mar. 10, 2014) (Stickney, J.) (finding hypothetical defective because it described an individual needing "relative isolation with limited contact with <u>peers and co-workers</u>" when the ALJ found claimant needed "relative isolation with limited contact with <u>peers, supervisors, and the general public</u>") (emphasis added), *adopted by* 2014 WL 1243682 (N.D. Tex. Mar. 25, 2014) (O'Connor, J.).

representative jobs despite finding her more limited than the hypothetical individual. Absent such explanation, the Court cannot simply assume that the limitations were used interchangeably in this instance. See *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000) ("The ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision, as adopted by the Appeals Council.") (citation omitted).

Lastly, Defendant argues that, even if "Plaintiff was only limited to one or two-step instructions, this does not preclude work that requires reasoning level 3." Doc. 17 at 20. In essence, Defendant asks the Court to find that even if the VE had been furnished with a non-defective hypothetical question, she still would have found Plaintiff capable of performing the same jobs. This the Court cannot do. See *Singleton v. Colvin*, No. 2:15-CV-0268, 2016 WL 8674675, at *5 (N.D. Tex. Sept. 9, 2016) (Averitte, J.) ("[T]his court simply cannot speculate how the VE would have responded if the hypothetical had included the . . . limitation ultimately found by the ALJ as part of plaintiff's RFC, nor can this court speculate how the ALJ would have ruled if the VE's testimony was based on a non-defective hypothetical."). While the VE could ultimately find a hypothetical individual limited to one- or two-step instructions capable of performing the same jobs as an individual limited to simple tasks, the opposite is just as true. After all, "altering the limitations caused by a claimant's impairments can alter the Step 5 outcome." *Davis v. Berryhill*, No. 4:16-CV-0429-O-BL, 2017 WL 3701689, at *11 (N.D. Tex. Aug. 10, 2017) (Frost, J.) (citations omitted), *adopted by* 2017 WL 3674856 (N.D. Tex. Aug. 25, 2017) (O'Connor, J.).

In sum, the hypothetical question posed to the VE did not reasonably incorporate Plaintiff's limitations as recognized by the ALJ, and was therefore defective. *Bowling*, 36 F.3d at 435; *cf. Tatum v. Berryhill*, No. 3:16-CV-3488-N-BH, 2018 WL 1399175, at *12 (N.D. Tex.

8

Feb. 26, 2018) (Ramirez, J.) ("Because the ALJ properly articulated Plaintiff's specific functional limitations in the hypothetical question to the VE, the hypothetical question . . . was valid[.]"), *adopted by* 2018 WL 1383336 (N.D. Tex. Mar. 19, 2018) (Godbey, J.). The ALJ's subsequent reliance on the VE's testimony calls into question the existence of substantial evidence to support his decision. *Bridges*, 278 F. Supp. 2d at 807. As such, remand is required. *Id.*; *see, e.g.*, *Singleton*, 2016 WL 8674675, at *6 (remanding case where ALJ relied on VE's answers to a hypothetical that failed to incorporate all of the plaintiff's limitations that the ALJ found in the RFC).

## IV. CONCLUSION

In light of foregoing, it is recommended that Plaintiff's *Motion for Summary Judgment*, Doc. 16, be **GRANTED**, Defendant's *Motion for Summary Judgment*, Doc. 17, be **DENIED**, the Commissioner's decision be **REVERSED**, and the case be **REMANDED** for further administrative proceedings.

**SO RECOMMENDED** on August 20, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

9

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); F<small>ED</small>. R. C<small>IV</small>. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE