IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| BARBARA ANN GUTHRIE, | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:17-CV-1114-L-BK** |
| | § | |
| NANCY A. BERRYHILL, | § | |
| **Acting Commissioner of the Social** | § | |
| **Security Administration,** | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the court is Plaintiff's Motion for Summary Judgment (Doc. 16), filed July 28, 2017; Defendant's Motion for Summary Judgment (Doc. 17), filed August 24, 2017; and Plaintiff's Reply (Doc. 18), filed September 12, 2017. On March 16, 2014, Barbara Ann Guthrie ("Plaintiff") filed an application for disability insurance benefits as a Medicare Qualified Government Employee under Title II and Part A of Title XVIII of the Social Security Act (Doc. 13-6, at 2). The claim was initially denied and, after reconsideration, heard by Administrative Law Judge Larry C. Marcy who concluded Plaintiff was not under a disability within the relevant period. The denial of benefits was affirmed on appeal by Administrative Appeals Judge Thomas Funciello, which constituted a final decision by the Acting Commissioner of Social Security, Nancy A. Berryhill ("Defendant").

On May 1, 2014, Plaintiff separately applied for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act (Doc. 13-6, at 8). Although Plaintiff's SSI application was listed as an exhibit in the reconsideration hearing for the disability insurance benefits claim (Doc. 13-3, at 32), the ALJ made no express ruling on the SSI claim. On April 27, 2017, Plaintiff

sought judicial review by this court of her applications for disability insurance benefits and SSI benefits.

On August 20, 2018, United States Magistrate Judge Renée Harris Toliver entered the Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report"), recommending that the court grant Plaintiff's Motion for Summary Judgment, deny Defendant's Motion for Summary Judgment, and reverse the decision of the Commissioner of the Social Security Administration. No objections to the Report were filed by the deadline. For the reasons that follow, the court determines that the Report should be **accepted in part** and **rejected in part**.

Having reviewed the record in this case, Report, and applicable law, the court **accepts** the findings and conclusions of the Report recommending reversal of the Commissioner's decision with respect to Plaintiff's application for disability insurance benefits under Title II and Part A of Title XVIII of the Social Security Act, and **accepts** them as those of the court. Accordingly, the court **grants** Plaintiff's Motion for Summary Judgment as to her disability insurance benefits on the grounds that the Commissioner's decision was not supported by substantial evidence, and **remands** the claim for further administrative proceedings.

The Report also recommended remanding Plaintiff's claim for SSI benefits under Title XVI of the Social Security Act. The court, however, noticed that Defendant mentioned in her Motion for Summary Judgment that Plaintiff did not exhaust her administrative remedies with respect to her SSI claim (Doc. 17, at 11).[1] Although Defendant frames her argument as an issue of standing, the issue of whether Plaintiff exhausted her administrative remedies relates to the court's subject matter jurisdiction under 42 U.S.C. §405(g). Having reviewed the record in this case, Report, and applicable law, the court **agrees** with Defendant that Plaintiff did not complete the

---

[1] Plaintiff does not respond to this argument in her Reply (Doc. 18).

**Order – Page 2**

required four-step process for obtaining a final decision on her application for SSI benefits, and, therefore, may not properly bring the claim before this court. A claimant must obtain a separate final decision on both a SSI benefits claim and disability insurance benefits claim before seeking judicial review under 42 U.S.C. §405(g), which requires a "final decision of the Commissioner of Social Security made after a hearing" in order for the district court to have subject matter jurisdiction. Although the determination of disability is the same for both disability insurance benefits and SSI,[2] the preliminary issue of subject matter jurisdiction requires separate showings that the claimant obtained a final decision as to their entitlement to both benefits. *See Dashti v. Astrue*, 508 F. App'x 347, 349 nn.2 & 4 (5th Cir. 2013) ("A determination that [Plaintiff] was entitled to Supplemental Social Security benefits did not mean she was also entitled to disability insurance benefits."). Even though Defendant raised no objections to the magistrate judge's Report as to Plaintiff's SSI claim, the court determines that it should be **dismissed without prejudice** for failure to exhaust the necessary administrative remedies.

**It is so ordered** this 13th day of September, 2018.

Sam A. Lindsay
United States District Judge

---

[2] *See Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994).

**Order – Page 3**